WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Lober, | No. CV-18-2640-PHX-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Megan J. Brennan, Postmaster General, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 60) and Defendant's accompanying Statement of Facts ("SOF") (Doc. 61) with supporting materials consisting of an exhibit list (Doc. 61-1) and twenty exhibits (Doc. 61-2). Plaintiff filed a Response in Opposition (Doc. 66), an accompanying Controverting Statement of Facts ("CSOF") (Doc. 68), and a Declaration by Plaintiff (Doc. 67) with one attachment (Doc. 67-1). Defendant filed a reply (Doc. 72). The motion for summary judgment is ripe. For the reasons set forth below, the motion will be granted.

**I.     SUMMARY JUDGMENT STANDARD**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c)(2). The moving party must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" Fed.R.Civ.P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Id.*

Fed.R.Civ.P. 56 requires the nonmoving party to "designate 'specific facts showing that there is a genuine issue for trial,'" and such facts must be shown by the party's affidavits "or by the 'depositions, answers to interrogatories, and admissions on file.'" *Celotex*, 477 U.S. at 324. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 248. "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**II.    ANALYSIS**

Plaintiff Travis Lober alleges that his former employer, the United States Postal Service ("USPS"), discriminated against him on the basis of his disability of major depression. (Doc. 1; Doc. 23) Specifically, he alleges the following claims: (1) wrongful

termination, (2) lack of reasonable accommodation, and (3) retaliation. (Doc. 1; Doc. 23) Defendant has moved for summary judgment, arguing that Plaintiff cannot establish a *prima facie* case of discrimination and that Defendant can demonstrate legitimate, non-discriminatory reasons for the employment actions which Plaintiff cannot rebut as pretextual. (Doc. 60) Plaintiff asserts that genuine issues of material fact preclude entry of summary judgment. (Doc. 66)

### A.   Objections to Statement of Facts and Supporting Materials

Here, Defendant's Statement of Facts ("SOF") (Doc. 61) was submitted with supporting materials consisting of an exhibit list (Doc. 61-1) and twenty exhibits (Doc. 61-2). In support of his Controverting Statement of Facts (Doc. 68), Plaintiff submitted his own Declaration (Doc. 67) with one attachment (Doc. 67-1), which Plaintiff states was filled out by Havis (Doc. 67 at ¶ 12).

LRCiv 56.1(b) requires that in a Controverting Statement of Facts, the party must indicate "whether the party disputes the statement of fact set forth in that paragraph and … reference to the specific admissible portion of the record supporting the party's position if the fact is disputed." Where Plaintiff raised evidentiary objections to Defendant's Exhibits in support of its SOF but did not indicate that the statement of fact is disputed and/or did not reference a specific admissible portion of the record, the Court will deem the statement of fact admitted if the evidentiary objections lack merit at this summary judgment stage. *Compare, e.g.*, CSOF ¶¶ 16, 17, 18 with CSOF ¶ 24. *See* LRCiv 56.1(b) ("for each paragraph of the moving party's separate statement of facts" the responding party must present a "correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed").

Plaintiff makes a broad objection to all of Defendant's supporting materials except Plaintiff's statements: "The entire evidentiary record Defendant has submitted in support of its motion, with the exception of Plaintiff's deposition (Ex. 1) [and] statements (Ex. 5 and Ex. 9) is not admissible and cannot be considered by the [C]ourt." (Doc. 66 at 9)

However, "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016). Plaintiff's broad, erroneous objection would create a new summary judgment rubric whereby only the non-moving party's statements could be used in support of a summary judgment motion. Plaintiff's objection is rejected.

Plaintiff's objections directed specifically to the Moody, Weber, and Havis affidavits, SOF Exhibits 10, 11, and 20, and the material facts therein, also lack merit. These affidavits have instructions that "if any of the individual questions are not applicable to" the person executing the affidavit, then the proper response is to indicate that the question is "N/A" or not applicable. *See* SOF Exhibits 10, 11, and 20 at page 1. The affidavits require responses that lay foundation for the personal knowledge on which the answers are based. *See* SOF Exhibits 10, 11, and 20 at page 2. These documents comply with the requirements of Fed. R. Civ. P. 56(c)(4) that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Plaintiff raises relevance objections to the mail carrier job description (SOF Ex. 2) and to the notices of the adverse action of termination (SOF Exs. 3, 12, 14). *See, e.g.*, Doc. 66 at 9; Doc. 68 ¶¶ 16, 24, 34. Nevertheless, Plaintiff's job description and the notices of the adverse action of which he complains are relevant in this employment discrimination case.

Plaintiff's also objects to the Court considering the unsworn statements of Melissa Kremiller (SOF Exhibit 4, which Plaintiff incorrectly refers to as Exhibit 5), Brenda Frooninckx (SOF Exhibit 7), and Patty Sbarbaro (SOF Exhibit 8). Objection to considering these statements for the truth of the matter asserted therein is well taken and the Court will not consider these unsworn statements for such purpose. Also, the Court will not consider

as true the notes of fact finding meetings (SOF Exhibit 6).  The Court will consider SOF Exhibits 3, 12, 13, 14, and 15-19, not for the truth of the matters asserted therein insofar as the March 13, 2015 events, but rather as evidence of identity of the decision makers, their actions, notice to Plaintiff, and the sequence of termination events.  Indeed, Plaintiff admitted that "a letter of decision was issued" (Doc. 68 at 2), and Plaintiff's complaints in this matter arise from the decisions to terminate him from his job.  In any event, the exhibits discussed in this paragraph bear little, if any, on the Court's analysis below.

### B.  Summary of Undisputed Material Facts

It is undisputed that in 1994, Plaintiff began working as a letter carrier for USPS, which required Plaintiff to sort mail, case mail, pull down mail, prepare parcels, flats, letters, and other bundles of mail to get them organized.  Plaintiff also described that his responsibilities included going on his route and delivering the mail.  At his deposition, Plaintiff testified that he was able to perform all aspects of his job.  (SOF and CSOF ¶¶ 1, 2, 3.)  While Plaintiff's declaration states that Plaintiff suffers from depression and post traumatic stress disorder, diagnosed in 2003, Plaintiff testified at his deposition that he "worked like everyone else" and that he "wasn't any different from anyone else when [he] would go to work."  (Doc. 67 at ¶ 4; SOF Exhibit 1 at 66)

On March 13, 2015, Supervisor Melissa Kremiller requested Plaintiff perform additional work that day.  Some of the details of the exchange that ensued between the supervisor and Plaintiff are disputed, but the following facts regarding the exchange are undisputed: Postmaster Brenda Frooninckx and Manager Patty Sbarbaro became involved in the exchange.  Plaintiff became upset during the interaction with Supervisor Kremiller and Plaintiff used the word retarded relating to the interaction with Supervisor Kremiller.  (SOF and CSOF ¶¶ 7, 11, 12; Plaintiff's Declaration, Doc. 67)  Plaintiff explains that he is "not proud of" using the word retarded, but that he is "not backing away from saying to [Kremiller, Frooninckx, and Sbarbaro], 'the treatment is retarded'."  (Doc. 67 at ¶ 8)[1]

---

[1] While USPS asserts that during the exchange, Plaintiff yelled and caused a disturbance in the work area (SOF ¶¶ 5, 6, 9, 10), Plaintiff denies yelling or disrupting. (Doc. 67 ¶¶ 8, 9).  The yelling and disrupting is a disputed fact, but as explained in the

1   Following the March 13, 2015 incident, Supervisor Edward Havis conducted two fact-finding meetings with Plaintiff and his Union Representative, Bob Glass. (SOF and CSOF ¶ 14) Thereafter, Havis issued a Notice of Proposed Adverse Action – Removal.[2] (SOF and CSOF ¶ 16) Havis had previously been Plaintiff's floor supervisor, and later, his station manager. SOF Exhibit 20 at 2. At the time of his sworn statement in January 2016, Havis avowed as follows: "I am not aware of any disability of" Plaintiff and "I am not aware of anyone being notified of any disability" of Plaintiff. SOF Exhibit 20 at 2-3. Havis further avowed that he was "not aware of any prior EEO activity." SOF Exhibit 20 at 4.

Manager Andrew Moody was the concurring official in the Notice of Proposed Adverse Action. (SOF and CSOF ¶ 20) Moody was not familiar with Plaintiff and had no knowledge of Plaintiff's disability. (SOF and CSOF ¶¶ 43, 44) Moody was "not aware of any EEO activity in the past related to" Plaintiff. SOF Exhibit 10 at 2, 4, 5. Moody based his concurrence with the Notice of Proposed Adverse Action — Removal on "written statements contained in the grievance file, management notes from the fact finding, and the proposed personnel action." SOF Exhibit 10 at 3. These items did not contain reference to disability or any prior EEO activity. SOF Exhibit 10 at 4. Moody regularly reviewed discipline cases, and he recalled a case where he concurred with a removal request for failure to follow instructions. SOF Exhibit 10 at page 3.

Manager Troy Weber was subsequently designated the deciding official regarding Plaintiff's proposed removal. (SOF and CSOF ¶ 21) Weber had never met or supervised Plaintiff and was designated the deciding official because he was an outsider who could provide an impartial review. (SOF and CSOF ¶ 22) On June 29, 2015, Weber issued a Letter of Decision – Removal. (SOF and CSOF ¶ 23) Weber had no knowledge of Plaintiff having a disability but was aware that Plaintiff "mentioned in his written response to the

---

analysis, this is not a material fact for purposes of this Order's grounds for granting summary judgment in favor of the Defendant.

[2] Removal is the term used for termination of Plaintiff's job.

- 6 -

Proposed Removal that he feels management's continuous attacks are disabling to him." SOF Exhibit 11 at 2.  Further, Weber was "not aware of any prior EEO activity by" Plaintiff.  SOF Exhibit 11 at 2.

Subsequent arbitration resulted in a finding of just cause to issue the removal. (SOF and CSOF ¶ 34)  Plaintiff was issued a Notice of Right to File a formal EEO complaint, which he filed.  (SOF and CSOF ¶¶ 35, 36)

In his deposition, Plaintiff characterized a settlement agreement that the parties entered into in 2005 as an accommodation.  (SOF and CSOF ¶ 53)  The settlement agreement is not part of the record.  Plaintiff admitted in his deposition that he did not seek out any other accommodations than the 2005 settlement agreement.  (SOF Exhibit 1 at 85) Plaintiff testified at his deposition that he was able to perform every aspect of his job as a letter carrier.  (SOF and CSOF ¶ 51; SOF Exhibit 1 at 66)

### C. Plaintiff's Claims

Plaintiff claims that Defendant's alleged discrimination violated the Americans with Disabilities Act ("ADA"), Title VII, and the Rehabilitation Act.  (Doc. 1 at 3-4)  "As an initial matter, federal employees must bring disability discrimination claims exclusively through Rehabilitation Act, Section 501."  *McCarthy v. Brennan*, No. 15-cv-03308-JSC, 2016 WL 946099, at *8 (N.D. Cal. Mar. 14, 2016) (recognizing that Title VII provides for disability discrimination claims and that there is no significant difference between ADA and Rehabilitation Act claims).  *See also Fleming v. Yuma Regional Medical Center*, 587 F.3d 938, 940 (9th Cir. 2009).  Accordingly, Plaintiff's three claims are governed by § 501 of the Rehabilitation Act.

#### 1. Wrongful Termination

To establish a *prima facie* claim for wrongful termination under § 501 of the Rehabilitation Act, a plaintiff must demonstrate that (1) he is a person with a disability, (2) he is otherwise qualified for employment, and (3) his employment was terminated because of his disability.  *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018); 29 C.F.R. § 791(f) ("The standards used to determine whether this section has been violated in a

complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990."); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) *overruled on other grounds by statute as recognized in Nunies*, 908 F.3d at 434 (Section 501 of Rehabilitation Act borrows its substantive standards from the Americans with Disabilities Act ("ADA")).  The employee "bears the ultimate burden of proving" that he is disabled, a qualified individual with a disability, and that he was discriminated against because of his disability.  *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (citing *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)).[3]

In Defendant's reply, Defendant argues that Plaintiff has not established that he has a disability.  (Doc. 72 at 6-8)  Yet, in Defendant's motion for summary judgment, Defendant conceded that Plaintiff is disabled within the meaning of the ADA for purposes of Defendant's summary judgment motion.  (Doc. 60 at 6, footnote 1)  Thus, the Court will not consider Defendant's reply argument that Plaintiff has not established a disability.

Plaintiff has not established a *prima facie* case that his employment was terminated because of his disability.  Plaintiff has failed to show any nexus between his disability and the termination.  Plaintiff admits that he worked like everyone else, he was no different at

---

[3] "If the plaintiff makes out a prima facie case of wrongful termination under the Act, the burden shifts to the defendant who must demonstrate a legitimate nondiscriminatory reason for the termination."  *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990).  If defendant articulates a legitimate, non-discriminatory reason for the action, the burden then shifts back to the plaintiff to produce evidence showing that the reason offered by the defendant is pretextual.  *See Smith v. Barton*, 914 F.2d 1330, 1339-1140 (9th Cir. 1990) (applying McDonnell Douglas framework for Title VII discrimination claims to discrimination claim brought under ADA).  A plaintiff may demonstrate that the defendant's reason was pretextual by proving "that adverse employment action would not have occurred but for the disability."  *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019) (overruling the "motivating factors causation standard" and holding that "but for causation standard" applies to ADA claims).  A plaintiff may also show pretext by demonstrating that "[the defendant's] proffered explanation is unworthy of credence." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1212 (9th Cir. 2008).  Although the plaintiff may use circumstantial evidence to show pretext, the evidence must be "specific" and "substantial."  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

work than any other employee, and he was capable of doing all aspects of his job. Further, despite Plaintiff's general statement that the USPS was aware of his depression and post traumatic stress disorder (Doc. 67-1 at ¶ 4), the record before the Court fails to establish that the initiating official (Havis), the concurring official (Moody), and the deciding official (Weber) had any knowledge that Plaintiff was disabled. Further, the record fails to establish that disability was a factor in the decision to terminate.

In Plaintiff's declaration, he states summarily that "[m]anagement was aware of his disability." (Doc. 67 at ¶ 12) In that paragraph of Plaintiff's declaration, Plaintiff goes on to state:

> I requested an accommodation of my disability of 2005, to serve the purpose of keeping me employed and not targeted with discipline intended to terminate me, as was the case in my 2015 termination. Mr. Havis specifically was aware of my disability, as referenced in the questionnaire he filled out in one of my prior EEOC cases, and I believe the USPS terminated me because of my prior complaints to the EEOC and my disability, not because of my behavior. A true and correct copy of the questionnaire is attached hereto as Exhibit 1.

(*Id.*) On its face, Exhibit 1 to Plaintiff's Declaration does not appear to be an EEO questionnaire. Rather, Plaintiff's declaration Exhibit 1 appears to be a USPS record of fact finding from an earlier disciplinary action. *Compare* Doc. 67-1 to SOF Exhibit 6, which Plaintiff concedes "appear to be USPS records" and "are hearsay and double hearsay" (Doc. 66 at 9, lines 14-16). *See also* SOF and CSOF ¶ 14. Regardless, Exhibit 1 to Plaintiff's Declaration has a notation at the end that references that Plaintiff is filing EEO and that Plaintiff has stated that he thinks that the fact finding in the document is retaliatory. (Doc. 67-1) Yet, the notes dated September 27, 2005 in Exhibit 1 do not make any reference to any disability. (Doc. 67-1) "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Neither Plaintiff's Declaration nor Exhibit 1 thereto are specific enough to create a material issue of fact regarding Havis' sworn statement that he

1 did not know Plaintiff had any disability or had prior EEO proceedings.

2 Even if Plaintiff had established that the initiating official, Havis, had knowledge of previous EEO claims relating to a disability, this alone is not enough to establish a *prima facie* case of wrongful termination based on disability, particularly when the concurring official, Moody, and the deciding official, Weber, had no knowledge that Plaintiff was disabled or of prior EEO proceedings.  Further Plaintiff testified that he could perform all aspects of his job and did not request any specific accommodation.  Thus, Plaintiff's termination could not have been and was not a result of Plaintiff's disability because the deciding officials were not aware of any disability.  *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 n.7 (2003) ("If [the decision-maker] were truly unaware that such a disability existed, it would be impossible for her hiring decision to have been based, even in part, on respondent's disability."); *see also Nilles v. Givaudan Flavors Corp.*, 521 Fed.Appx 364, 368 (6th Cir. 2013) ("[A]n employee cannot be considered to have been fired 'on the basis of disability' unless the individual decision-maker who fired the individual had knowledge of that disability."  (citations omitted)); *see also Marquez v. Glendale Union High Sch. Dist.*, No. CV-16-03351-PHX-JAT, 2018 WL 4899603, at *19 (D. Ariz. Oct. 9, 2018), motion for relief from judgment denied, No. CV-16-03351-PHX- JAT, 2018 WL 6418540 (D. Ariz. Dec. 6, 2018) (holding that because plaintiff did not establish that defendant knew of her disability, she did not meet her prima facie case for discrimination).

20 Plaintiff has failed to establish a *prima facie* case that his employment was terminated because of a disability.  Plaintiff's wrongful termination claim fails as a matter of law applied to undisputed material facts before the Court.

### 2. *Reasonable Accommodation*

To state a claim under the Rehabilitation Act for lack of reasonable accommodation of a disability, a plaintiff must demonstrate that (1) he is disabled; (2) he is a qualified individual, meaning that he could meet the essential requirements of the position with or without reasonable accommodation; and (3) a reasonable accommodation is possible. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999); *Buckingham v.*

*United States*, 998 F.2d 735, 739-40 (9th Cir. 1993).  "Reasonable Accommodation" is defined as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position."  29 C.F.R. § 1630.2(o)(1)(ii).  The employee bears "the burden of showing the existence of a reasonable accommodation that would have enabled him to perform the essential functions of an available job."  *Dark v. Curry County*, 451 F.3d 1078, 1088 (9th Cir. 2006); *see also Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1999) ("[B]ecause [the plaintiff] bears the burden of establishing an ADA violation, [the plaintiff] must establish the existence of specific reasonable accommodations that [the employer] failed to provide.").

Here, Plaintiff testified at his deposition that there was not any aspect of his job he was unable to perform and that he "wasn't different from anyone else when [he] would go to work."  (Doc. 62-2 at 5, 10)  In response to Defendant's motion for summary judgment, Plaintiff does not at all address his reasonable accommodation claim.  The record before the Court does not reflect that Plaintiff asked for a specific reasonable accommodation.  Plaintiff's reasonable accommodation claim fails as a matter of law applied to the record before the Court.

### *3.   Retaliation*

To establish a *prima facie* claim of retaliation, "a plaintiff [is required to] show:  (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two."  *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (internal quotation marks and citation omitted).  "[R]etaliation claims must be proved according to traditional principles of but-for causation."  *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359-60 (2013) ("This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.").  In the case of a claim governed by the Rehabilitation Act, a plaintiff "must establish a link between his request for a reasonable accommodation and [the

retaliation]." *Id.*; *Hortobagyi v. Columbia Sussex Mgmt., LLC*, No. CV 14-0244 DOC(FFMx), 2015 WL 12683950, at *9 (C.D. Cal. Mar. 5, 2015). Causation may be inferred from the timing of the protected activity and the adverse employment action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). "But timing alone will not show causation in all cases; rather, in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." *Villiarimo*, 281 F.3d at 1065 (internal quotation marks and citations omitted).[4]

Here, as discussed above, Havis avows he was not aware of Plaintiff's prior EEO proceedings, and neither Plaintiff's Declaration nor its Exhibit 1 present a material issue of fact on this point. In any event, the the concurring official (Moody), and the deciding official (Weber) had no knowledge that Plaintiff had previous EEO proceedings.

Plaintiff has not established a *prima facie* case linking his termination to his previous EEO proceedings. On the record before the Court, the Court will grant summary judgment in favor of Defendant regarding Plaintiff's retaliation claim.

### III.  CONCLUSION

Undisputed material facts establish that Plaintiff has failed as a matter of law to establish a *prima facie* case of discrimination regarding termination and regarding retaliation. Further, the record is devoid of any evidence that Plaintiff requested a specific reasonable accommodation, and Plaintiff has not presented any evidence or made any argument in support of his reasonable accommodation claim. Thus, Defendant's motion for summary judgment will be granted on all of Plaintiff's claims.

Accordingly,

. . .

---

[4] If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. *Villiarimo*, 281 F.3d at 1062. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory. *Id.*; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

**IT IS HEREBY ORDERED** granting Defendant's motion for summary judgment (Doc. 60).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff.

Dated this 20th day of April, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge